**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHYLLIS BELL,

       Petitioner,                          Case No. 15-cv-10919
                                                                Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

       Respondent.

_____/

**OPINION AND ORDER DISMISSING WRIT OF CONSPIRACY (ECF #1)
WITHOUT PREJUDICE, DENYING MOTION FOR PERMISSIVE
JOINDER (ECF #3), AND DENYING MOTION
TO RELEASE SOUND TAPES AS MOOT (ECF #4)**

Phyllis Bell ("Bell") has filed a "Writ of Conspiracy," alleging that the United States Bureau of Prisons has unconstitutionally detained her father, Felix Walls ("Walls"). (*See* the "Petition," ECF #1.) Because Bell has not established that she is authorized to file the Petition on her father's behalf, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE**. Also before the Court are two motions Walls has filed: a "Motion for Permissive Joinder" (*see* the "Joinder Motion," ECF #3) and "Motion to Release Sound Tapes" (*see* the "Sound Tapes Motion," ECF #4.) The Court **DENIES** the Joinder Motion as it would hinder, rather than promote, judicial economy, and it **DENIES** the Sound Tapes Motion as **MOOT**.

I.

In 1995, a jury convicted Walls of conspiracy to possess with intent to distribute and to distribute cocaine, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 846. *See United States v. Walls*, No. 2:92-cr-80236 (E.D. Mich). Walls' daughter, Bell, now seeks Walls' immediate release because, she alleges, his convictions were obtained in violation of the United States Constitution. (*See* the Petition.) Bell seeks relief under 28 U.S.C. §§ 2241 and 2243, 28 U.S.C. § 1651 (the "All Writs Act"), and Federal Rule of Evidence 201. (*See id.*) However, Bell cannot proceed under either of these two authorities.

First, Bell is not entitled to relief under the All Writs Act. This statute is a "residual source of authority to issue writs that are not covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43 (1985). Claims that seek to challenge federal court convictions, as in the Petition Bell has filed here, are addressed by statute. Indeed, these claims "shall be filed in the sentencing court under 28 U.S.C. § 2255" *Charles v. Chandler*, 180 F.3d 755, 756-57 (6th Cir. 1999), or, where § 2255 is "inadequate" to challenge the conviction, the claims may be filed under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255. Thus, because two federal statutes address challenges to federal court convictions, Bell cannot proceed under the All Writs Act. *Accord Johnson v. United*

2

*States District Court,* No. 2005 WL 1353755 at *3 (W.D. Ky. June 2, 2005) (dismissing petitioner's claims challenging his federal conviction filed under 28 U.S.C. § 1651 because the All Writs Act did not confer independent jurisdiction upon the district court).

Nor can Bell proceed under Federal Rule of Evidence 201. This rule allows a court to take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b). But the Federal Rules of Evidence "do not confer jurisdiction or otherwise create an independent action for recovery." *Michigan v. Milwaukee 3/8" Cordless Drill*, 2011 WL 3268646, *6 (W.D. Mich. July 29, 2011) (citing 28 U.S.C. § 2072(b) (declaring that Federal Rules of Evidence "shall not abridge, enlarge or modify any substantive right")); *See also In re Madison Guar. Sav. & Loan Ass'n,* 173 F.3d 866, 869 (D.C. Cir. 1999) ("We know of no authority, and indeed perceive no logic, that would support the proposition that the Rules of Evidence create any cause of action or ever provide standing"). Thus, Bell's claim that the Court should take judicial notice that her father's conviction was the result of a fraud upon the Court cannot be characterized as an adjudicative fact "not subject to reasonable debate" and provides no basis for relief from a criminal conviction. Fed. R. Evid. 201(b).

As neither the All Writs Act nor the Federal Rules of Evidence provide any basis for the relief Bell seeks in the Petition, the Court will construe the Petition as seeking a writ of habeas corpus on her father's behalf. Such an application may be filed in an appropriate case by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, such "next friend" status is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before a court will confer "next friend" status. *Id.* First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.*

In this case, Bell has not shown that her father cannot appear on his own behalf. In fact, Walls has appeared on his own behalf frequently in federal court. In this Court alone, Walls has initiated the following cases *pro se*: two habeas corpus petitions, a petition for a writ of mandamus, and a civil rights complaint. Walls represented himself, with standby counsel, at his criminal trial, and filed at least two dozen motions in that case. And, most importantly, Walls has filed the Joinder Motion on his own behalf in this action. Walls, therefore, is an individual who can and has pursued his rights on his

own behalf. Thus, because Bell has not shown that Walls cannot appear on his own behalf, the Court lacks jurisdiction to address this Petition. *See Whitmore*, 495 U.S. at 166 (dismissing petition for lack of jurisdiction where individual lacked standing to pursue habeas petition on prisoner's behalf).

## II.

Also before the Court is the Joinder Motion that Walls has filed. (*See* ECF #3.) Federal Rule of Civil Procedure 20 provides, in pertinent part:

> (a) Persons Who May Join or Be Joined.
>
> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
>> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. Rule Civ. Proc. 20.

"Rule 20 places joinder under the Court's discretion to determine whether adding additional parties promotes convenience and judicial economy." *Meier v. County of Presque Isle,* 07-13760, 2008 WL 2117603, *2, n.1 (E.D. Mich. May 20, 2008). Here, allowing Walls to join this action would unnecessarily complicate this judicial proceeding. Walls already has filed two habeas corpus petitions under § 2241 and a motion to vacate sentence under § 2255, which remains pending in case number 92-cr-

80236. Allowing Walls to join this action would raise the question whether this is a successive petition, or whether § 2255 is inadequate to address his claims such that he may proceed under § 2241. The Court, in its discretion, therefore finds the interests of judicial economy and fairness would not be served by allowing Walls to join in this action and it will therefore deny the Joinder Motion.[1]

### III.

Accordingly, for all of the reasons set forth above, **IT IS HEREBY ORDERED** that the Petition (ECF #1) is **DISMISSED WITHOUT PREJUDICE**; the Joinder Motion (ECF #3) is **DENIED**; and the Sound Tapes Motion is **DENIED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 5, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[1] Because the Court is denying the Joinder Motion, the Sound Tapes Motion (see ECF #4), also brought by Walls, is moot.